UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SPENCER R. BRASURE,

    Plaintiff,

    v.

STATE OF CALIFORNIA, et al.,

    Defendants.

Case No. 14-cv-04037-JST (PR)

**ORDER OF DISMISSAL**

Spencer R. Brasure, an inmate on death row at San Quentin State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983, complaining about various problems in his criminal case and in the California process for reviewing capital convictions and sentences. He alleges that California's system for review of convictions and sentences in death penalty cases is unconstitutionally slow and that he has received ineffective assistance of counsel. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

The court notes that plaintiff's complaint is similar to several complaints that have been filed by other death row inmates. See Duff v. California, N.D. Cal. Case No. C 14-4036 EMC (dismissed as frivolous); Smith v. California, N.D. Cal. Case No. C 14-3506 PJH (dismissed under Heck and for failure to state a claim); Theodore Shove v. Brown, N. D. Cal. Case No. C 12-211 RMW (dismissed for failure to state a claim and affirmed on appeal); Paul Bolin v. Brown, N. D. Cal. Case No. C 12-637 PJH (transferred to Eastern District of California, which ultimately dismissed complaint under Younger and Heck, and for failure to state a claim).[1]

Indeed, the complaint in this action repeats claims that Mr. Brasure made in an action he commenced in 2012 in the Central District of California, Spencer Brasure v. Brown, C. D. Cal.

---

[1] See also Jones v. Chappell, No. CV 09-02158-CJC, 2014 WL 3567365, at *8 (C.D. Cal. July 16, 2014), appeal dismissed (Dec. 1, 2014) ("California's death penalty system is so plagued by inordinate and unpredictable delay that the death sentence is actually carried out against only a trivial few of those sentenced to death. . . .  For all practical purposes . . . a sentence of death in California is a sentence of life imprisonment with the remote possibility of death—a sentence no rational legislature or jury could ever impose.").

1  Case No. C 12-CV-1027-UA-DUTY. In that case, the court denied plaintiff's in forma pauperis
2  application on the grounds that it lacked jurisdiction; the complaint failed to state a claim; and the
3  complaint sought monetary relief from a defendant immune from such relief. This Court also
4  notes that plaintiff filed a pro se habeas petition in this court, Case No. C 13-080156 EMC. The
5  case was transferred to the Central District of California, as that is the district of conviction. The
6  habeas petition did not specifically challenge his conviction but was similar to the instant
7  complaint and challenged California's procedures of prosecuting and appealing death penalty
8  cases.

9  To the extent that plaintiff wishes to challenge his conviction he must file a federal habeas
10 petition in the appropriate court and raise claims that have been fully exhausted in state court. To
11 the extent that plaintiff wishes to recover damages for an allegedly unconstitutional conviction or
12 imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction
13 or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has
14 been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal
15 authorized to make such determination, or called into question by a federal court's issuance of a
16 writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). A claim for damages
17 bearing that relationship to a conviction or sentence that has not been so invalidated is not
18 cognizable under § 1983. Id. at 487. As no amount of amendment would cure the deficiencies of
19 the complaint, this action is dismissed with prejudice for failure to state a claim and as frivolous as
20 plaintiff has filed other similar actions. See Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th
21 Cir. 1995) (The district court may dismiss under § 1915 "a complaint 'that merely repeats pending
22 or previously litigated claims.'").
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

**CONCLUSION**

For the foregoing reasons, this action is DISMISSED with prejudice as frivolous and for failure to state a claim. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: January 23, 2015

_____
JON S. TIGAR
United States District Judge